[Cite as *In re Application for Relief from Weapons Disability v. Downing*, 2023-Ohio-3034.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN RE: APPLICATION FOR RELIEF FROM WEAPONS DISABILITY | JUDGES: Hon. John W. Wise, P.J. Hon. Patricia A. Delaney, J. Hon. Craig R. Baldwin, J. |
| Respondent-Appellee | |
| -vs- | Case No. 23 CA 00005 |
| JAMES DOWNING | O P I N I O N |
| Petitioner-Appellant | |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No. 22 CV 00970


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 29, 2023


APPEARANCES:

For Respondent-Appellee                For Petitioner-Appellant

JENNY WELLS                            MARK J. MILLER
PROSECUTING ATTORNEY                   LAW OFFICE OF MARK J. MILLER, LLC
KENNETH W. OSWALT                      500 City Park Avenue
ASSISTANT PROSECUTOR                   Suite C
20 South Second Street, 4th Floor      Columbus, Ohio  43215
Newark, Ohio  43055

*Wise, P. J.*

{¶1} Appellant James Downing appeals from the trial court's decision denying his Application for Relief from Weapons Disability. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 29, 2022, Appellant filed his Application for Relief from Weapons Disability, pursuant to R.C. §2923.14.

{¶3} On October 12, 2022, Appellee filed a written objection, noting Appellant's prior criminal record, that Appellant's convictions for Rape and Gross Sexual Imposition are both serious offenses, and that they believe it is in the public interest for defendant not to be relieved from a weapons disability.

{¶4} On November 21, 2022, the trial court held a hearing on Appellant's Application for Relief from Weapons Disability. At the hearing Appellant testified he is married and owns his own business. In 2005, Appellant was convicted of Rape and Gross Sexual Imposition. He was sentenced to eight years in prison, but the sentence was later reduced to four years. He was released from prison in 2009, and completed his sexual oriented offender registration in 2019.

{¶5} Appellee did not present evidence at the hearing, only leaving the decision in the court's discretion.

## ASSIGNMENTS OF ERROR

{¶6} Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S APPLICATION FOR RELIEF FROM WEAPONS DISABILITY UNDER R.C. 2923.14."

{¶8} In Appellant's sole Assignment of Error, Appellant argues the trial court abused its discretion by denying his Application for Relief from Weapons Disability. We disagree.

{¶9} "The denial of an application for relief from disability is reviewed under an abuse of discretion standard." *State v. Miller*, 5th Dist. Stark No. 2020 CA 00132, 2021-Ohio-1149, ¶12. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} R.C. §2923.14 states, in pertinent part:

(A)(1) Except as otherwise provided in division (A)(2) of this section, any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition.

* * *

(D) Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:

(1) One of the following applies:

(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment,

community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

{¶11} The Eighth District explains "R.C. 2923.13 creates an assumption that gun possession by [certain persons] poses a potential risk to public safety." *State v. Philpotts*, 8th Dist. No. 107374, 2019-Ohio-2911, 132 N.E.3d 743, ¶29. "R.C. 2923.14 allows such a person to rebut the presumption and show he or she is a 'law abiding citizen.' " *Id.* "Under R.C. 2923.14(D), the court is required to hold a hearing and may grant relief if the person * * * can show he or she 'has led a law-abiding life since discharge or release, and appears likely to continue to do so.' " *Id.*, quoting R.C. §2923.14(D)(1)-(2). "Whereas the statute embodies a generalized risk assessment by the General Assembly, the hearing available under R.C. 2923.14 allows the court to make an individualized assessment as to an individual's potential risk." *Id.*

{¶12} Appellant argues that because he believes he satisfied the requirements of R.C. §2923.14 and that the trial court did not give specific reasons why the application was denied, the trial court acted arbitrarily, unreasonably, or unconscionably. However, the plain language of R.C. §2923.14(D) provides that even if Appellant meets the criteria

to the trial court's satisfaction, it is still within the court's discretion whether to grant or deny the application. *State v. Lerch*, 4th Dist. Washington No. 15CA39, 2016-Ohio-2791, ¶24.

{¶13} "[A] trial court is free to consider the nature and extent of the applicant's prior criminal activity in determining that the person is not a fit subject for relief[.]" *Id.* at ¶26.

{¶14} In the case *sub judice*, the record established that Appellant committed serious offenses, Appellee objected to Appellant's application based on the seriousness of those offenses, and that Appellee believes it is not in the public interest for Appellant to be relieved from a weapons disability. Appellee opted not to present evidence at the hearing, deferring to the court's discretion. Appellant's only evidence presented at the hearing was his own testimony that he has led a law-abiding life and would continue to do so. He presented no other evidence or testimony.

{¶15} The trial court denied the application finding that Appellee's objections to Appellant's Application for Relief from Disability to be valid and denied the application.

{¶16} Appellant's argument is premised that because the trial court considered Appellee's written objections to the application and Appellee did not present evidence at the hearing, the trial court arbitrarily, unreasonably, or unconscionably denied Appellant's Application for Relief from Disability.

{¶17} Here, the entry discloses the trial court's reason for the trial court's denial of Appellant's application, the seriousness of his prior convictions, and that it is in the public interest for Appellant not to be relieved from a weapons disability. Even though the

trial court did not need to specify a reason, they found Appellee's filed objections to be valid.

**{¶18}** Therefore, based upon the foregoing reasons, we hold that Appellant has failed to satisfy his burden to establish that the trial court acted in an arbitrary, unreasonable or unconscionable manner by denying his Application for Relief from Disability.

**{¶19}** Accordingly, Appellant's sole Assignment of Error is overruled.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby, affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/br  0823